[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10432
Non-Argument Calendar

_____

D. C. Docket No. 05-00241-CR-2-LSC-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN A. STEVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 9, 2007)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Kevin A. Stevens appeals his sentence imposed for violating the terms and conditions of his supervised release. Stevens contends the district court erred by not providing an adequate statement of reasons for the imposition of a 24-month sentence, and that the sentence was unreasonable. We address his arguments in turn, and affirm Stevens' sentence.

I.

Stevens asserts his sentence should be vacated and his case remanded for resentencing because the district court failed to state any specific reasons for the sentence it imposed, or why it imposed an above-Guidelines sentence, as required by 18 U.S.C. § 3553(c)(2).

We normally review "a district court's decision to exceed the Chapter 7 recommended guidelines range for an abuse of discretion."[1] *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006). We review *de novo* whether a district court

---

[1] The district court committed a technical violation under *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled in part on other grounds by United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir. 1993) (en banc), by failing to elicit objections after it imposed the sentence. The rule in *Jones* applies to supervised release revocation. *See United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007). While Stevens did not specifically object that the district court failed to state the § 3553(a) factors or that it failed to state its reasons for exceeding the advisory Guidelines range, in light of the technical *Jones* violation, we overlook Stevens' failure to raise these arguments. *Id.* In any event, Stevens' arguments are meritless irrespective of the standard of review. Additionally, the record in this case is sufficient for meaningful appellate review. *See id.* at 1348 (stating we will not remand where appellant did not raise the *Jones* error on appeal and the record was sufficient for meaningful appellate review).

complied with 18 U.S.C. § 3553(c). *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).

If the district court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release," it may revoke a term of supervised release, after considering factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), and impose a sentence of imprisonment for the violation. 18 U.S.C. § 3583(e)(3). The term imposed cannot exceed the statutory maximum, which is determined by grade of the felony offense that resulted in the term of supervised release. *See id.* Revocation of supervised release is mandatory, however, if, among other things, the defendant possesses a controlled substance in violation of the conditions of supervised release, refuses to comply with drug testing imposed as a condition of supervised release, or as a part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(g)(1), (3), (4).

In *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000), a case in which the district court exceeded the Chapter 7 recommended range in imposing a sentence, we held "[i]f supervised release is subsequently revoked under 18 U.S.C. § 3583(e), the statute . . . requires that the § 3553(a) factors be considered.

However, when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not *require* consideration of the § 3553(a) factors." *Id.* (citation and quotation omitted) (emphasis in original).

The district court was required to revoke Stevens's supervised release upon a finding that he either possessed a controlled substance, refused to comply with drug testing, or tested positive for drugs more than three times during the course of one year. At the revocation hearing, Stevens made several admissions regarding his drug use, including that he tested positive for cocaine twice in December 2006 and in August 2005, he used cocaine a couple of days prior to testing positive in December 2006, and he missed "some" of his drug tests. Stevens was subject to mandatory revocation in light of these admissions, and the district court was not required to consider the § 3553(a) factors in imposing the term of imprisonment under § 3583(g).

## II.

Stevens further asserts his sentence is unreasonable because the probation office recommended a sentence of only nine months and he merely tested positive for cocaine on a couple of occasions. Stevens acknowledges his sentence did not exceed the statutory maximum penalty, but asserts his sentence was unreasonable considering it was well above his recommended Guidelines range.

4

We review a sentence imposed upon the revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). When reviewing a sentence for unreasonableness, we must evaluate whether the sentence achieves the purposes of sentencing stated in § 3553(a). *United States v. Williams*, 456 F.3d 1353, 1360-61 (11th Cir. 2006), *cert. dismissed*, 127 S. Ct. 3040 (2007). Our evaluation must be made having regard for the factors listed in § 3553(a) and the reasons for the particular sentence as stated by the district court. *Id.* at 1361.

Relevant factors in determining the length of imprisonment upon revocation include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with medical care or other correctional treatment; the kinds of sentences available; and the applicable advisory Guidelines range. 18 U.S.C. § 3553(a).

Stevens' above-Guidelines sentence is reasonable. Stevens' advisory-Guidelines range was 3 to 9 months' imprisonment, and he was sentenced to 24 months' imprisonment. Even though the district court was not required to do so, it considered the § 3553(a) factors. The district court expressly considered Stevens' history and characteristics by acknowledging he had a drug problem and noting he repeatedly used drugs, even though he worked regularly. The court also considered the need for incarceration and to provide adequate deterrence in light of its comments that his previous five-year prison term did not "do [him] any good." The court also considered the kinds of sentences available by noting the maximum penalty for Stevens' violations was 36 months' imprisonment and by indicating that it would, after the completion of Stevens' 24-month prison sentence, reinstate the drug treatment program that was conducted by the Probation Office. Furthermore, Stevens' sentence is within the applicable statutory maximum, and is reasonable in light of the evidence of his repeated drug use while on supervised release. Accordingly, his sentence is reasonable.

**AFFIRMED.**